IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

UNITED STATES OF AMERICA,  :
    Plaintiff  :
      :
vs.  :    CASE NO. CR-04-0009-N
      :    2:05 cv 1004-T
JOANNA NICOLE HOOKS,  :
    Defendant  :

MOTION TO VACATE, SET-ASIDE OR CORRECT
SENTENCE PURSUANT TO 28 U.S.C. § 2255

COMES NOW, the Petitioner, Joanna Nicole Hooks, a pro se litigant in the above-styled action, hereinafter defendant, files this Motion to the United States District Court, Middle District of Alabama, respectfully requesting that this Honorable Court move to Vacate, Set-Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255.

Defendant Hooks is proceeding without the benefit of Counsel and therefore respectfully requests, pursuant to Haines vs. Kerner, that this Honorable Court will construe this action liberally.

In further support of this action, Defendant Hooks shows unto this Honorable Court the following:

STATEMENT OF THE CASE

On January 21, 2004, a Grand Jury empaneled in the Middle District of Alabama charged Joanna Nicole Hooks and two others in a 3-Count Indictment. Defendant Hooks was named in two of the three counts.

    Count 1:  Conspiracy to Possess With Intent to Distribute 500 Grams or More of Cocaine Hydrochloride.

    Count 3:  Aiding and Abetting, Possession of a Mixture and Substance Containing in Excess of 5 Grams of Cocaine Base.

1

On February 2, 2004, Defendant Hooks, represented by Counsel was arraigned before the Honorable Magistrate Judge Vanzetta P. McPherson.

On May 5, 2005, a 5-count Superceding Indictment was issued to two more defendants and additional charges against the other co-defendants. On May 19, 2004, Defendant Hooks was again arraigned and pled Not Guilty.

On August 6, 2004, the government dismissed Count 1 of the Indictment against Defendant Hooks. Trial commenced on August 9, 2004.

On August 10, 2004, the Jury found Defendant Hooks guilty of Count 3 of the Superceding Indictment, which charged Defendant Hooks with Possession of More than 5 Grams of Cocaine Base.

On January 31, 2005, Defendant Hooks appeared before the Honorable Myron H. Thompson for Sentencing, where she was sentenced to 97 months Custody of the Federal Bureau of Prisons, 3 years Supervised Release and a $100 Special Assessment Fee.

On February 8, 2005, Defendant Hooks filed a timely Notice of Appeal and the 11th Circuit Court of Appeals in an unpublished opinion, affirmed Defendant's Sentence.

## STATEMENT OF AEDPA

A Motion requesting that the District Court Vacate, Set-Aside or Correct a Sentence Imposed is considered timely if submitted before a One Year Statute of Limitations.

According to the Statute of Limitations, Defendant's Petition is timely because it is submitted:

1) Within the one year date of Sentencing, January 31, 2005; and
2) Within the one year date the Court of Appeals affirmed Defendant's Sentence, September 14, 2005.

2

ISSUES

In support of Defendant Hook's action, she raises the following issues to this Honorable Court for consideration:

I.  Defendant was not properly sentenced due to a violation of Apprendi, Blakely and Booker/Fanfan when the sentencing Court ignored the findings of the reasonable doubt standard (jury) and sentenced Defendant on a preponderance of the evidence standard, level 28 instead of 26.

II.  Two point enhancement violates double jeopardy and Blakely/Booker/Fanfan/Apprendi allowing the Court instead of the jury to decide guilt.

III.  Defendant was not properly sentenced because Probation and the Court failed to determine the apppropriate role adjustment in the offense.

IV.  Defendant's sentence should be vacated due to ineffective assistance of counsel when counsel failed to

   1) challenge the 2 point enchancement for obstruction of justice through the direct appeal

   2) Failed to argue a role adjustment

   3) Failed to challenge the drug calculation level 26 versus 28 through the direct appeal.

ARGUMENTS

I.  Level 28 versus Level 26.

Defendant Hooks contends she was not properly sentenced because the base offense level for her conviction was calculated at a Level 28 when the indictment and jury verdict found beyond a reasonable doubt that the base offense level should have been at Level 26.

Defendant's Indictment, Count 3, specifically states that Defendant will be accountalbe for a "mixture and substance containing in excess of 5 grams of cocaine base." §2 D1.1 of the U.S.S.G. states that a Level 26 is the appropriate base offense level for "at least 5 grams but less than 20 grams of cocaine base."

3

As mentioned in the statement of the case, defendant was indicted on January 24, 2004. Defendant was subsequently named in a superceding indictment that could have more accurately stated the drug amount in the indictment but the government chose not to change the drug amount.

The jury found defendant guilty of Count 3. Therefore, based upon the jury's findings, defendant should have been subjected to a base offense level of 26(63-78) months, instead of level 28 (78-97) months.

Apprendi, Blakely and Booker/Fanfan rulings all specifically state that the beyond the reasonable doubt standard should prevail over preponderance of the evidence standard. In this particular case, Hooks went to trial and the jury decided. However, the Probation Officer and the government is deciding to go against the jury's decision to increase defendant's exposure to punishment, in violation of her Sixth Amendment right to have a jury decide factors relating to sentencing.

The facts of the case alone should allow leniency for the defendant. The facts of this case are that defendant was not a part of this on-going conspiracy. Defendant had no criminal history and was not scheduled to arrive at the bus station but as a favor. As the officers stated, the drugs were passed to her in an effort to avoid arrest by their prime target. However, because defendant Hooks chose to exercise her right to trial by jury, Probation and the government are punishing her far beyond what the law states should be the case.

The jury found defendant guilty of count 3, which states a weight amount of "5 grams or more" which is level 26. Defendant's base offense level should be decreased by 2 levels to reflect the jury's findings and to support Apprendi, Blakely v. Washington and the Booker/Fanfan Supreme Court rulings.

## OBSTRUCTION OF JUSTICE

Defendant Hooks further contends that the two point enhancement for obstruction of justice was unwarranted, violates the Double Jeopardy Clause and violates Apprendi, Blakely, Booker and Fanfan rulings that permit a jury and not a sentencing court to decide factors that potentially increase a defendant's sentence above the statuatory maximum.

Defendant Hooks was subjected to a two point enhancement for Obstructing Justice when, unaccompanied by an attorney, she was interviewed by a Probation Officer who detected "inconsistent" statements, during the interview. Defendant could not have possibly obstructed justice because:

1) she was not under oath; and

2) she had "already" been convicted by jury.

Justice had already been served in the case and there was nothing Hooks could have said to negate the fact that the jury had already found her guilty of count three and the fact that she was facing substantial jail time.

Defendant contends this Honorable Court should set aside the two-point enhancement because the enhancement was imposed in violation of Apprendi, Blakely and Booker/Fanfan which states that a sentencing court should not decide factors to enhance a sentence but information must be found in an indictment and decided by a jury, beyond a reasonable doubt.

Government may argue that the sentencing court gave the defendant an option of having a jury trial or the court to determine the facts to prove obstruction of justice. However, any decision was not intelligently and knowingly arrived at with the assistance of competent counsel. The facts are:

1) statement was not made under oath,

2) statement was not made with counsel present, and

3) statement was made after the jury had been excused.

5

4) The district court, who already secured a conviction and considerable jail time, would not go through the added expense of prosecuting defendant for proclaiming her innocence in light of an already obtained conviction.

5) Defendant had not been "counseled" as to what it would take to legally hold her liable for any statements and the expense and unlikeliness of the government prosecuting such a crime.

The fact that the Sentencing Court determined the facts not included in the indictment and not determined by a jury is a violation of the Double Jeopardy Clause, multiple punishments for the same crime, same evidence standard. See North Carolina v. Pearce, 395 U.S. 711, 231 Ed., 2d656, 89 S.G. 2072 (1969).

Wherefore, defendant respectfully requests that this Honorable Court vacate the two point enhancement added at sentencing because it violates the rules of Apprendi, Blakely, Booker/Fanfan rulings and because defendant did not knowingly and intelligently decide to allow the court to add extra punishment at sentencing, not having had the opportunity to discuss the matter with counsel before the enhancement was imposed. The enhancement further violates defendant's constitutionally protected right to have facts that effect sentencing be included in an indictment.

## ROLE IN OFFENSE

Defendant Hooks further contents she was not properly sentenced because she was not granted a minor role in the offense.

See, United States v. DeYaron, 136 F.3d740 (11th cir. 1998) where the 11th circuit stated that in order for a defendant to get consideration of a minor role reduction, defendants must establish that he/she played a minor role in the conduct for which he/she has already been held accountable.

6

In the instant case, the facts reported by both officers prove defendant played a minor role in the offense. Police targeted two men suspected of drug possession to a bus terminal. Police followed one suspect to a car where defendant was awaiting their arrival.

When officers asked the targeted suspect to step out of the vehicle, both officers witnessed the targeted suspect rid himself of drugs to avoid arrest. Defendant was never the target of the investigation. Defendant was not in the process of purchasing drugs from the targeted individual and defendant, until that day, had no criminal history to suggest prior participation in illegal activity. In fact, defendant was not the scheduled person to meet David Wise and Tony Hooks. Further, Tony Hooks and Wise have been interviewed and have not implicated Joanna Hooks in any drug operations, thus proving defendant's minor role in this offense.

Defendant Joanna Hooks was not an integral part of this operation. Anyone with a valid driver's license and a vehicle could have just as easily taken defendant's place in the conspiracy that day. Defendant lacked an overall role and knowledge of the conspiracy and did not stand to monetarily gain one dime from her presence at the bus station.

Government may argue that defendant failed to plead guilty, thus giving up a right to a minor role (2 point) reduction. However, as the U.S.S.G. 1B1.3 points out, the court and Probation should determine each defendant's role in a particular offense before sentencing. A defendant should not be punished by not granting a 2 point reduction if she is exercising her right to a jury trial and is entitled to the reduction. In this case, defendant Hooks is entitled to the reduction regardless of going to trial because the facts of the case prove her minor role participation.

DeVaron also states that when considering a minor role reduction, the court can consider defendant's role in comparison to that of other participants in the relevant conduct.

Defendant did not get off the bus with drugs on her person or hidden among her property. Defendant was not charged in the conspiracy. Defendant was not implicated in past drug deals or offenses. Defendant has no criminal history. Most important of all, both officers state that the targeted suspect, David Wise, passed contraband to defendant Joanna Hooks, the act that caused her presence in the indictment.

Had defendant Hooks not arrived to collect her brother at the bus station, she would have never been named in the indictment or superceding indictment.

Also see, United States v. Reese, 67 F.3d 902 (11th cir. 1995) which states that the court should consider the scope of agreement between co-defendants in a conspiracy, the scope of criminal activity that each separately agreed to undertake as required by U.S.S.G. 1B1.3 and make the individualized findings.

Should this Honorable Court consider the totality of circumstances surrounding defendant's presence in the offense, this Honorable Court would have no choice but to determine that her presence was unfortunate, participation was minor and that a 2 point reduction for minor participation a valid and reasonable request.

### INEFFECTIVE ASSISTANCE OF COUNSEL

Finally, defendant Hooks contends that her conviction should be vacated due to ineffective assistance of counsel during the entire pleading process and into sentencing, including the direct appeal.

"It is embedded in the Sixth Amendment in realistic recognition of the obvious truth that the average defendant does not have the professional skill to protect himself when brought before a tribunal with the power to take his life or liberty," Johnson v. Zerbst, 304 U.S. 458, 462-463, 58 S.Ct. 1019, 1022, 82 Ed 1461 (1938). "It is incorporated in the Due Process Clause of the Fourteenth Amendment because "without the aid of counsel," the accused, "lacks both the skill and knowledge to adequately prepare his defense, even though he may have a perfect one. He requires the guiding hand of counsel at every step in the proceedings against him."

See, Washington v. Strickland, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064, 80 Ed 2d674 (1984), where the Supreme Court devised a 2 prong test to determine whether or not a defendant suffered ineffective assistance of counsel (deficient performance-prejudice tests).

1) Obstruction of Justice

Defendant Hooks contends counsel's performance fell below a level of reasonableness and was deficient when counsel failed to argue the Obstruction of Justice enhancement at sentencing and on direct appeal. Counsel had a clear argument against the 2 point enhancement and could have advised defendant at sentencing to not allow the court to use a preponderance of evidence standard to add time to an already inflated sentence.

Counsel's performance was further deficient when counsel failed to argue the 2 point enhancement at the direct appeal level using Apprendi, Blakely v. Washington and Booker/Fanfan rulings.

Defendant suffered prejudice when the court added a two point enhancement, increasing defendant's exposure to the sentencing guidelines by at least two years.

Defendant further suffers prejudice because when counsel failed to argue the Apprendi, Blakely v. Washington, Booker/Fanfan rulings on direct appeal, defendant lost the opportunity to ever prevail on this claim, with this issue, except through ineffective assistance of counsel.

9

2) Role Adjustment

Defense Counsel's performance was further deficient when counsel failed to argue a 2 point reduction for minor role in the offense.

Defendant could have received a 2 point reduction for being a minor participant in the offense. Because counsel failed to argue for the reduction, defendant stood a 100% chance of never receiving one.

Defendant suffered prejudice because the 2 point reduction could have brought defendant's exposure to the guidelines down two level and could have offset the 2 point enhancement for obstruction of justice.

3) Level 26 v. Level 28

Defense counsel's performance was deficient for not arguing at sentencing and including in the direct appeal, defendant's starting base offense level of 26 instead of 28.

Defendant suffered prejudice on direct appeal because an Apprendi, Blakely v. Washington, Booker/Fanfan argument should be made on direct appeal, thus barring future appeal, except through ineffective assistance of counsel.

4) Ineffective Assistance of Counsel

Finally, defendant contents that counsel's performance was deficient through the entire pleading process because counsel should have made sure defendant "knowingly" decided to go to trial, and "knowingly and intelligently" decided to take a 2 point enhancement for Obstruction of Justice, and "knowingly" allowed him to submit a frivolous direct appeal, neglecting to protect her challenge through Apprendi, Blakely and Booker/Fanfan.

Defense Counsel's job was to protect his client by eliminating her exposure to the sentencing guidelines. Defendant is a single parent with three children.

Defendant could have been eligible for:

1) 3 point reduction for acceptance of responsibility.

2) 2 point reduction for minor participant; and

3) 2 point reduction for safety valve.

had she pled guilty from the outset of the case. Instead of starting at level 28, the court could have started defendant's base offense level at 26 - 7 points, level 19, criminal history I (30-37) months, instead of (97-121) level 30.

This case should have never gone to trial. Defendant should not have had to argue about Obstruction of Justice. Defense counsel allowed defendant to do harm to herself and to receive such a large sentence without a proper direct appeal. Counsel's direct appeal motion almost guaranteed a response from the 11th circuit to affirm her conviction.

Defense counsel's performance through the pleading process was deficient and amateur. Defendant suffered extreme prejudice when she is forced to serve a 97 month sentence for drugs that did not belong to her, through a conspiracy that did not include her and through a sentence that is virutally unappealable due to defense counsel's negligence.

Wherefore, for the foregoing reasons, which include relevant case law, defendant Hooks respectfully requests that this Honorable Court vacate the sentence imposed. Defendant also requests an evidenciary hearing to determine the appropriate standard of relief as set forth above.

This __17__ day of October 2005.

Respectfully submitted,

_____

Joanna N. Hooks, pro se, Reg. No. 11380-002
Cherokee A, FPC
P. O. Box 7006
Marianna, FL 32446-7006

11

CERTIFICATE OF SERVICE

I, Joanna N. Hooks, do hereby certify under the penalty of perjury that a true and correct copy of the foregoing has been provided in a postage-sufficient envelope to:

Assistant U.S. Attorney
Mathew S. Miner, Esquire
One Court Square, Suite 201
Montgomery, AL  36104


This __17__ day of October 2005.

Respectfully submitted,

_____
Joanna N. Hooks, pro se, Reg. No. 11380-002
Cherokee A, FPC
P. O. Box 7006
Marianna, FL  32447-7006