IN THE UNITED STATES DISTRICT COURT RECEIVED
MIDDLE DISTRICT OF ALABAMA

2005 NOV 18 P 12: 52

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Civil Action No. 2:05cv1004-T |
| v. | ) | MIDDLE DISTRICT ALA. |
| | ) | CR No. 2:04cr0009 |
| JOANNA NICOLE HOOKS | ) | |

## AFFIDAVIT

STATE OF ALABAMA      )
                                        )
COUNTY OF AUTAUGA   )

Comes now John M. Poti and appears before a Notary Public in and for the State and County listed above and states under oath:

"My name is John M. Poti. I am a resident of Prattville, Alabama, and I am over the age of nineteen years. I am an attorney, currently licensed in Alabama, and admitted before the United States District Court for the Middle District of Alabama, and the 11th Circuit Court of Appeals.

Pursuant to an Order of this Court dated November 2, 2005, I am filing this Affidavit concerning the petition filed by Joanna N. Hooks.

I was appointed by the Federal District Court in Montgomery to represent Ms. Hooks in criminal case number 2:04cr009, and 11th Circuit Court of Appeals case number 05-10929-E. Ms. Hooks has filed a petition under 28 U.S.C. § 2255 alleging that I provided ineffective assistance during her trial and appeal. This affidavit is in response to that claim, and each of her allegations is answered below:

COUNSELS PERFORMANCE WAS DEFICIENT WHEN COUNSEL FAILED TO ARGUE THE OBSTRUCTION OF JUSTICE ENHANCEMENT AT SENTENCING AND ON DIRECT APPEAL.

Hooks contends that I failed to argue against the 2-level obstruction of justice enhancement at sentencing. This is not correct. I filed a *Defendants Sentencing Memorandum Post United States v. Booker* on January 25, 2005. (DOC # 187, pp. 2-3). In the Memorandum, I argued against the 2 level enhancement that was recommended by the government pursuant to USSG § 3C1.1. I again raised the objection at the sentencing hearing held on January 31, 2005. (Sentencing Transcript, pp. 7-15). The Court overruled my objection. I also argued against the 2-level enhancement in my appeal brief. (Appellant Brief, pp. 11-14). The Court of Appeals affirmed the trial court's sentence determination.

COUNSELS PERFORMANCE WAS FURTHER DEFICIENT WHEN COUNSEL FAILED TO ARGUE A 2 POINT REDUCTION FOR MINOR ROLE IN THE OFFENSE.

This was considered and rejected by the Court. The sentencing judge consulted and considered as advisory the sentencing guidelines, and applied the sentencing factors in 18 U.S.C. § 3553(a). The Court considered Hooks role in the offense pursuant to USSG § 3B1.1 and 3B1.2 and did not apply either an aggravating or mitigating adjustment to her sentence. (Sentencing Transcript, pp. 21-24).

DEFENSE COUNSELS PERFORMANCE WAS DEFICIENT FOR NOT ARGUING AT SENTENCING AND INCLUDING IN DIRECT APPEAL DEFENDANTS STARTING BASE OFFENSE LEVEL OF 26 INSTEAD OF 28.

In the *Defendants Sentencing Memorandum Post United States v. Booker* filed on January 25, 2005, I argued against the base offense level calculation. (DOC # 187, pg. 2). I again raised the objection at the sentencing hearing held on January 31, 2005. (Sentencing Transcript, pp. 3-7). The Court overruled my objection. The sentencing judge consulted and considered as advisory the sentencing guidelines, and applied the sentencing factors in 18 U.S.C. § 3553(a). The sentence

2

imposed by the Court was less than the statutory maximum. I made the determination that an appeal

of that issue would have been frivolous.

> COUNSELS PERFORMANCE WAS DEFICIENT THROUGH THE ENTIRE
> PLEADING PROCESS BECAUSE COUNSEL SHOULD HAVE MADE SURE
> DEFENDANT "KNOWINGLY" DECIDED TO GO TO TRIAL, AND
> "KNOWINGLY AND INTELLIGENTLY" DECIDED TO TAKE A 2 POINT
> ENHANCEMENT FOR OBSTRUCTION OF JUSTICE, AND "KNOWINGLY"
> ALLOWED HIM TO SUBMIT A FRIVOLOUS DIRECT APPEAL.

In her petition, Hooks states that "This case should have never gone to trial." I advised her that

the weight of the evidence was against her and that she should consider negotiating a plea agreement

with the government. She authorized me to contact the government for that purpose and a proffer

session was held at the US Attorney's office on February 26, 2004. As a result of that meeting and

subsequent negotiations between myself and the government, Hooks entered a *Notice of Intent to

Change Plea* on March 11, 2004. (DOC # 44). On April 16, 2004, I received a copy of the negotiated

plea agreement from the US Attorney's office and reviewed it with Ms. Hooks. The terms of the

agreement were that Hooks was to plead guilty to Count 3 of the Indictment (simple possession of

cocaine base) and that all other Counts against her would be dropped. Further, the government would

recommend a 3-level reduction pursuant to USSG § 3E1.1(a) for acceptance of responsibility, and,

subject to the foregoing, would agree that the defendants offense level would be level 25. There was

no provision in the plea for a further reduction pursuant to USSG § 5K1.1 for substantial assistance

because agents for the government felt that Hooks was being less than truthful even at the proffer

session. I advised Ms. Hooks that I would file for a 2-level downward departure under USSG § 5C1.2,

Limitation on Applicability of Statutory Minimum Sentences in Certain Cases, otherwise known as

the "safety valve," and that it might be possible to get her down to offense level 23. Ms. Hooks

rejected the plea at the last minute and instructed me to inform the Court that she did not want to change her plea to guilty. Upon her instructions, I filed a *Notice of Intent to Withdraw Change of Plea Request*, that same day. (DOC# 56). She reiterated her story that she found the drugs at the bus station, did not know it was cocaine base, and wanted to take her chances at trial and have the opportunity to tell her story. I told her then and before trial, if she testified at trial and was subsequently found guilty, her sentence could be lengthened because of perjury or obstruction of justice allegations. She said that she understood, but that if she did not testify the jury would only hear what law enforcement had to say and that she needed to tell her side. As to the appeal brief and issues raised on direct appeal, I used my best professional judgment and did not raise frivolous issues.

The above statement is true and correct to the best of my recollection."

FURTHER AFFIANT SAYETH NOT.

John M. Poti

STATE OF ALABAMA          )
                          )
COUNTY OF AUTAUGA         )

Before me, the undersigned Notary Public for the State of Alabama at large, personally appeared John M. Poti, who is known to me, and who first being duly sworn says that the foregoing is true and correct.

Sworn to and subscribed before me this ___18th___ day of _Nov_, 2005.

Notary Public
My Commission Expires: _8-8-08_

4

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing to the following, by placing same in an addressed, postage prepaid envelope and deposited with the U.S. Post Office on November 18, 2005.

James B. Perrine, Esq.          Joanna N. Hooks, 11380-002
US Attorneys Office             Cherokee A, FPC
PO Box 197                      PO Box 7006
Montgomery AL 36101-0197        Marianna, FL 32446-7006


**JOHN M. POTI (POT013)**
696 N. Silver Hills Drive, Suite 102
Prattville, AL 36066-6184
TEL: (334) 361-3535
FAX: (334) 361-3547
Email: john@jmpoti.com

5