IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA          ) | |
|                                   ) | |
| Respondent,       ) | |
|                                   ) | |
| vs.                               ) | CASE NO. 05cv1004-T |
|                                   ) | (NO. 02cr09-T) |
| JOANNA NICOLE HOOKS,              ) | |
|                                   ) | |
| Defendant/Movant. ) | |

**UNITED STATES' RESPONSE TO § 2255 MOTION**

COMES NOW the United States of America, by and through its attorney, Leura Garrett Canary, United States Attorney, and, in compliance with this Court's order to show cause, responds to Defendant/Movant Joanna Nicole Hook's Motion Under § 2255 to Vacate, Set Aside, Or Correct Sentence By a Person In Federal Custody, as follows:

**I. PROCEDURAL HISTORY AND RELEVANT FACTS**

On January 21, 2004, a grand jury for the Middle District of Alabama returned a three-count indictment against Defendant/Movant Joanna Nicole Hooks ("Hooks") and co-defendants Tonney Lamar Hooks (her brother) and David DeJuan Wise ("Wise"). (Doc. #1.) Count 1of the indictment involved all three defendants and set forth a conspiracy charge relating to the possession of over 500 grams of cocaine hydrochloride with intent to distribute, in violation of 21 U.S.C. § 846. Count 3 of the indictment charged Joanna Hooks and Wise with possessing in excess of 5 grams of cocaine base, or "crack" cocaine, in violation of 21 U.S.C. § 844(a).

On May 5, 2004, the grand jury returned a superseding indictment. See Exhibit A, the superseding indictment. The superseding indictment did not alter the charges against Joanna Hooks in any way. It did omit the name of co-defendant Tonney Lamar Hooks, who had already

entered a guilty plea. Also, the superseding indictment added two additional drug charges against co-defendant Wise, and, as to those charges, added two additional co-defendants, Robert James Zeigler, Jr., and Leslie Octavius Reese.

On August 5, 2004, the United States moved to dismiss Hooks from Count 1 of the superseding indictment. (Doc. ## 105, 107.) This Court granted the motion to dismiss the count on August 6, 2004. (Doc. # 108.)

Hooks proceeded to trial on Count 3 of the superseding indictment on August 9, 2004. During trial, Hooks took the stand in her own defense and denied any knowledge of the nature of the substance, cocaine base, which she possessed on the date of her arrest. The jury convicted her on August 10, 2004.

The United States Probation Office prepared a presentence investigation report in Hooks' case. Based upon evidence at trial which established that Hooks' possessed 22.1 grams of cocaine base at the time of her arrest, the report recommended that her base offense level be established at level 28. See Revised PSI, at ¶¶ 13, 24. The report also recommended that an enhancement of two levels for obstruction of justice be applied pursuant to U.S.S.G. § 3C1.1, as Hooks had testified that she was unaware that the substance in her possession was cocaine base, and provided three different versions of her participation in the offense. PSI, at ¶¶ 18, 21, 28. The Probation Office recommended a total offense level of 30 and a criminal history category of I. PSI, at ¶¶ 32, 34.

A sentencing hearing was held in Hooks' case on January 31, 2005. See Exhibit B, a transcript of the sentencing hearing. The Court expressly found that Hooks' false testimony "on the stand" during trial justified the enhancement for obstruction of justice. Exhibit B, at 15. The

Court found that Hooks' offense level was 30, which, when combined with a criminal history category of I, resulted in a guideline imprisonment range of 97 to 121 months. Id. at 25. The Court then sentenced Hooks to prison for a total term of 97 months. Id. at 26. Judgment was entered on February 7, 2005.

Through counsel, Hooks appealed her conviction and sentence to the United States Court of Appeals for the Eleventh Circuit. On September 14, 2005, that Court affirmed this Court's judgment in an unpublished decision. See Exhibit C, a copy of the Eleventh Circuit decision in this case. The opinion specifically found that the obstruction of justice enhancement was appropriate due to Hooks' false testimony at trial, and that this Court did not clearly err in its application of the enhancement. Exhibit C, at 5-8.

Hooks filed a Motion to Vacate, Set Aside or Correct Sentence on October 17, 2005. On November 2, 2005, this Court entered an order directing the United States to respond within thirty days. The United States now files this response to the § 2255 motion.

## II. CLAIMS RAISED IN THE § 2255 MOTION

As far as the United States can discern, Hooks raises the following issues in her § 2255 motion:

1. This Court improperly calculated the drug quantity attributable to her, and therefore improperly increased her sentence;

2. This Court improperly applied an enhancement for obstruction of justice at sentencing, and in so doing, violated United States v. Booker;

3. This Court failed to adjust her sentence with an appropriate role adjustment;

4. Counsel was ineffective due to his failure to challenge the enhancement for obstruction of justice on appeal;

5. Counsel was ineffective due to his failure to argue for a role adjustment;

6. Counsel was ineffective due to his failure to challenge the drug quantity determination on appeal; and,

7. Counsel was generally ineffective.

### III.  RESPONSE TO CLAIMS FOR RELIEF

**A.  Hooks Has Met The One-Year Statute Of Limitations Deadline For The Filing of Claims Under 28 U.S.C. § 2255.**

The United States notes at the outset that Hooks has filed her motion in a timely manner under paragraph six of 28 U.S.C. § 2255, which provides a one-year period of time within which to file a motion under the rule.  The applicable provision in this case requires that a movant file his § 2255 motion within one year from "the date on which the judgment of conviction became final."

The Eleventh Circuit Court of Appeals has held that a judgment of conviction becomes final for someone who appeals to an appellate court when the time for seeking certiorari review in the Supreme Court expires.  See Kaufman v. United States, 282 F.3d 1336, 1337-39 (11th Cir. 2002).  Because the Eleventh Circuit affirmed Hooks' conviction and sentence on September 14, 2005, she has until December 13, 2005 to petition for certiorari review.  See Sup.Ct.R. 13.  Thus, her filing of this § 2255 motion prior to the finalization of the judgment in her case renders it timely.

**B.  The Enhancement For Obstruction Is Procedurally Barred And Not Properly Considered In This § 2255 Proceeding Because It Was Raised On Direct Appeal And Addressed By The Appellate Court.**

Hooks' claim that the enhancement for obstruction of justice was improperly applied is barred from this Court's review because the Eleventh Circuit decision has addressed the issue,

and denied her relief.  See Exhibit C, at 5-8.  The Eleventh Circuit has stated that the "prior disposition of a ground of error on direct appeal, in most cases, precludes further review in a subsequent collateral proceeding." Mills v. United States, 36 F.3d 1052, 1056 (11th Cir. 1994).  Therefore, this claim which was so clearly addressed by the Eleventh Circuit is not only without merit, but precluded from review in this proceeding.   Further, the United States asserts that the relief requested by Hooks on this issue is beyond the power of this Court, as a district court may not grant § 2255 relief that is inconsistent with the law of a case, as established in an appellate decision.  See Butcher v. United States, 368 F.3d 1290, 1298-1300 (11th Cir. 2004).

**C.     Hooks' Remaining Sentencing Claims Are Procedurally Defaulted And Not Properly Considered In This § 2255 Proceeding Because They Could Have Been Raised On Direct Appeal, But Were Not, And She Has Failed To Demonstrate Cause And Prejudice To Overcome These Defaults.**

Hooks asserts that her sentence was improperly calculated by the United States Probation Office due to the following (1) the use of an improper drug quantity that was not contrary to the jury's findings, and, (2) the failure to adjust her sentence based upon her role in the offense.  These issues are barred from this Court's review because they could have been, but were not, raised on direct appeal, unless Hooks can show cause and prejudice to overcome the procedural bar.  A motion under § 2255 is not a substitute for an appeal, Burke v. United States, 152 F.3d 1329, 1331 (11th Cir. 1998).  Claims not raised on direct appeal that could have been raised are generally barred from review in § 2255 proceedings, McCoy v. United States, 266 F.3d 1245, 1258 (11th Cir. 2001).  "A non-constitutional error that may justify reversal on direct appeal does not generally support a collateral attack on a final judgment, unless the error (1) could not have been raised on direct appeal and (2) would, if condoned, result in a complete miscarriage of

justice." Lynn v. United States 365 F.3d 1225, 1232-33 (11th Cir. 2004).

In Mills v. United States, 36 F.3d 1052 (11th Cir. 1994), the Eleventh Circuit succinctly summarized the law concerning procedural default as follows:

> Generally speaking, an available challenge to a criminal conviction or sentence must be advanced on direct appeal or else it will be considered procedurally barred in a [Section] 2255 proceeding.... A ground of error is usually "available" on direct appeal when its merits can be reviewed without further factual development.... When a defendant fails to pursue an available claim on direct appeal, it will not be considered in a motion for [Section] 2255 relief unless he can establish cause for the default and actual prejudice resulting from the alleged error.... Alternatively, under the fundamental miscarriage of justice exception, "in an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent, a federal habeas court may grant the writ even in the absence of a showing of cause for the procedural default...."

Id. at 1055-56 (internal citations omitted). See also, McCoy v. United States, 266 F.3d at 1258 ("A claim not raised on direct appeal is procedurally defaulted unless the petitioner can establish cause and prejudice for his failure to assert his claims on direct appeal."). The burden of demonstrating cause and prejudice or a miscarriage of justice is on the movant. See, e.g., Bousley v. United States, 523 U.S. 614, 622 (1998)("Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate either 'cause' and actual 'prejudice,'... or that he is 'actually innocent[.]' ").

Hooks makes no attempt to explain her failure to raise these issues on appeal and therefore escape the procedural bar on this issue. Therefore, the claims are not subject to review at this stage, and should be dismissed on procedural grounds.

**D.     Hooks' Non-Ineffective Assistance Claims Are Without Merit**.

Even if this Court does not apply the procedural bars to Hooks' claims asserted above, her allegations of error at sentencing are without merit and may be dismissed without a hearing. "A hearing is not required on patently frivolous claims or those which are based upon unsupported generalizations." Stephens v. United States, 14 F.Supp.2d 1322, 1334 (N.D. Ga. 1998), quoting United States v. Guerra, 588 F.2d 519, 520-21 (5th Cir.1979). "[I]n this circuit, as well as in the Supreme Court, when a § 2255 petitioner sets out detailed factual allegations ... the petitioner is entitled to a hearing unless the motion and the files on record conclusively show the petitioner is entitled to no relief.... Typically, this circuit has found some form of corroboration to a petitioner's allegations before requiring a hearing." Potts v. Zant, 638 F.2d 727, 751 (5th Cir. 1981)(citations omitted).[1]  Because Hooks' motion and the record offer no factual basis or proof – and certainly no corroboration of her claims – they should be dismissed.

**1. This Court properly determined the drug quantity attributable to Hooks.**

The superseding indictment charged that Hooks possessed a mixture and substance containing in excess of 5 grams of cocaine base. Exhibit A, at 2. Trial testimony established that the actual amount in her possession was higher, as this Court found by a preponderance of the evidence that Hooks possessed 22.1 grams of cocaine base. Exhibit B, at 7. The Court went on to state that the "evidence clearly shows that," and that the reasonable doubt standard was satisfied. Id. Drug quantity determinations require a preponderance of evidence. See United States v. Rodriguez, 398 F.3d 1291, 1296 (11th Cir. 2005), cert. denied 125 S.Ct. 2935 (2005)

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206 (11th Cir.1981), the Eleventh Circuit adopted as binding precedent all decisions of the Fifth Circuit rendered prior to the close of business on September 30, 1981.

("When a defendant objects to a factual finding that is used in calculating his guideline sentence, such as drug amount, the government bears the burden of establishing the disputed fact by a preponderance of the evidence.") The record shows that this issue is without merit and must be dismissed.

### 2. Hooks' false testimony at trial supported the enhancement for obstruction of justice.

This Honorable Court cannot grant § 2255 relief that is inconsistent with the law of a case, as established in an appellate decision. See Butcher v. United States, 368 F.3d at 1298-1300.  Hooks testified that she was unaware that the substance in her possession at the time of her arrest was cocaine base, and provided three different versions of her participation in the offense.  PSI, at ¶ ¶ 18, 21, 28.  This Court expressly found that Hooks' false testimony "on the stand" during trial justified the enhancement for obstruction of justice pursuant to U.S.S.G. § 3C1.1.  Exhibit B, at 15.  The sentencing decision was affirmed by the Court of Appeals for the Eleventh Circuit.  Exhibit C, at 5-8.  Accordingly, this issue must be dismissed.

### 3. Hooks was not entitled to a role adjustment.

Hooks claims that this Court did not determine an appropriate role adjustment.  The issue was raised by the Court at sentencing.  Exhibit B, at 21.  The United States explained that it would have considered a role adjustment in her case on the conspiracy charge, but the dismissal of that count mooted such consideration.  Id.  The Court itself noted that, had Hooks been honest with the Court, her sentence would have been below the recommended guideline imprisonment range.  Id. at 25.

The record shows that this Court did consider some type of role reduction in Hooks' case,

but that other considerations, such as her lack of honesty, caused it to determine that a reduction was not merited.

### E.     Hooks' Ineffective Assistance of Counsel Claims Should Be Rejected Because They Have No Merit.

Hooks asserts that her counsel was ineffective due to his failure to challenge the same issues raised above as legal claims - the obstruction enhancement, role adjustment, and drug quantity determination.  To succeed on a claim of ineffective assistance of counsel, a defendant must prove both that her counsel's performance was deficient and that the deficient performance prejudiced her case.  Strickland v. Washington, 466 U.S. 668, 694 (1984); see also Bell v. Cone, 535 U.S. 685, 697-98 (2002) (reaffirming the Strickland v. Washington standard for reviewing ineffective assistance of counsel claims); Caderno v. United States, 256 F.3d 1213, 1217 (11th Cir. 2001) (applying two-part test of Strickland v. Washington).  Specifically, Hooks must show that (1) identified acts or omissions of counsel fell below an objective standard of reasonableness, and (2) that her counsel's alleged errors or omissions resulted in prejudice to her to such an extent that, without counsel's alleged errors or omissions, there is a reasonable probability that the outcome of her trial would have been different.  Yordan v. Dugger, 909 F.2d 474, 477 (11th Cir. 1990).

In analyzing counsel's performance under the performance prong of Strickland, this Court must presume that the conduct of counsel was reasonable, Yordan v. Dugger, 909 F.2d at 477.  A "[d]efendant must prove deficient performance by a preponderance of competent evidence, and the standard is 'reasonableness under prevailing professional norms.'" Gallo-Chamorro v. United States, 233 F.3d 1298, 1303-04 (11th Cir. 2000)(footnotes omitted).  The Eleventh Circuit has

described a defendant's burden with regard to the deficient performance prong of an ineffective assistance of counsel claim as follows:

> Because there is such a wide range of constitutionally acceptable performance, a petitioner seeking to rebut the presumption of adequate performance must bear a heavy burden:
>
>> The test has nothing to do with what the best lawyers would have done. Nor is the test even what most good lawyers would have done. We ask only whether some reasonable lawyer at the trial could have acted, in the circumstances, as defense counsel acted at trial. ... We are not interested in grading lawyers' performances; we are interested in whether the adversarial process at trial, in fact, worked adequately.
>
> ... Thus, in order to show that counsel's performance was unreasonable, the petitioner must establish that no competent counsel would have taken the action that his counsel did take....

Grayson v. Thompson, 257 F.3d 1194, 1216 (11th Cir. 2001) (internal citations omitted).

The Eleventh Circuit has described a defendant's burden in demonstrating that her counsel's deficient performance prejudiced his case as "high," noting that it is not enough to show that any errors had some conceivable effect on the outcome of the proceeding. Robinson v. Moore, 300 F.3d 1320, 1343-44 (11th Cir. 2002). To succeed on the ineffective assistance of counsel claim, the defendant must show that, but for counsel's unprofessional errors, the outcome of the proceeding would have been different.

As the Eleventh Circuit has noted, "[i]t is well established that a habeas petitioner must demonstrate both deficient performance and prejudice, and that a failure to demonstrate either prong constitutes a failure to demonstrate ineffective assistance of counsel." Bottoson v. Moore, 234 F.3d 526, 532 (11th Cir. 2000); accord, Robinson v. Moore, 300 F.3d at 1343. In raising ineffective assistance of counsel, Hooks has failed to plead facts sufficient to demonstrate that

10

she was prejudiced by any of counsel's actions. For that reason, her § 2255 motion should be summarily dismissed.

### 1. Counsel challenged the enhancement for obstruction of justice on appeal.

Hooks' first claim of ineffective assistance - that counsel John M. Poti did not challenge the enhancement for obstruction of justice on appeal - is plainly contradicted by the record. This issue was squarely raised on appeal, thoroughly addressed by the Eleventh Circuit, and decided adversely to Hooks. See Exhibit C, at 5-8. Accordingly, this issue must be dismissed.

### 2. Counsel was not ineffective due to failure to argue for a role adjustment.

The affidavit submitted by Hooks' counsel, John M. Poti, shows that this Court considered her role in the offense. (Doc. # 4, at 2.) As discussed above in Part III.D.3., a reduction related to her role was rejected because Hooks was not honest in stating her version of the events which led to her arrest. Exhibit B, at 21-25.

Hooks' motion assumes that her counsel's failure to raise the issue precluded her from consideration for relief on this point. However, because the record shows that the Court raised the issue on its own, and entertained considerable discussion on the issue, Hooks cannot show that she was prejudiced by counsel's failure to raise the issue. Consequently, Hooks' inability to meet the Strickland standard of deficient performance and prejudice requires the dismissal of this claim.

### 3. Counsel was not ineffective for failing to appeal this Court's determination as to drug quantity determination.

The record shows that Mr. Poti urged the Court to attribute 5 grams of cocaine base to Hooks. Exhibit B, at 4. However, the United States responded that the preponderance standard

of proof at sentencing under Booker permitted the attribution of the entire 22.1 grams. Id. The Court agreed with the United States and applied the preponderance standard, noting that the quantity had actually been proven beyond a reasonable doubt. Id. at 7.

The drug quantity attribution was correct under controlling authority. See United States v. Rodriguez, 398 F.3d at 1296. In this Circuit, counsel cannot be ineffective regarding an issue that would not succeed, and this claim of ineffective assistance must fail. See United States v. Nyhuis, 211 F.3d 1340, 1344 (11th Cir. 2000).

**4.      Counsel did not demonstrate general ineffectiveness.**

Hooks claims that her counsel should have ensured that she "'knowingly' decided to go to trial ,and 'knowingly and intelligently' decided to take a 2 point enhancement for obstruction of justice, and 'knowingly' allowed him to submit a frivolous direct appeal." She further claims that he did not successfully employ the case decisions in Apprendi, Blakely, and Booker/Fanfan. Hooks does not allege or demonstrate that she acted unknowingly at any stage of her defense. She also does not allege or demonstrate how any of the cited cases, if applied differently, would have resulted in a different outcome in her case.

Mr. Poti's affidavit discusses the failed plea negotiations which he conducted with the United States on Hooks' behalf. (Doc. #4, at 3-4.) His affidavit also discusses his warning to her that, should she testify falsely and be convicted, her sentence would increase. Id. at 4. He avers that Hooks stated that she understood her situation, and thus assumed the responsibility for her decision to proceed to trial.

Hooks has failed to show in any of her ineffective assistance allegations that (1) identified acts or omissions of counsel fell below an objective standard of reasonableness, and (2) that her

12

counsel's alleged errors or omissions resulted in prejudice to her to such an extent that, without counsel's alleged errors or omissions, there is a reasonable probability that the outcome of his trial would have been different. Yordan v. Dugger, 909 F.2d at 477. Further, the record disproves many of the factual claims she sets forth in support of her ineffective assistance claims. Potts v. Zant, 638 F.2d at 751. Therefore, these claims should be dismissed due to factual and legal insufficiencies.

## IV. A HEARING IS NOT NECESSARY IN THIS MATTER

Hooks has not pleaded facts or presented sufficient evidence or argument which, if true, show that he is entitled to an evidentiary hearing, and her claims for relief should be denied without an evidentiary hearing. See Blacklidge v. Allison, 431 U.S. 63, 73-74 (1977); Tejada v. Dugger, 941 U.S. 1551, 1559 (11th Cir. 1991); United States v. Laetividal-Gonzalez, 939 F. 2d 1455, 1465 (11th Cir. 1991). Should this Court determine that Hooks has made any arguments not addressed in this response, the United States would request the opportunity to further respond to those arguments.

## V. CONCLUSION

For the above reasons, Defendant/Movant Joanna Nicole Hooks has failed to demonstrate that she is entitled to any relief from this Court, and his § 2255 motion should be denied without an evidentiary hearing.

Respectfully submitted this 2nd day of December, 2005.

/s/ Terry F. Moorer
TERRY F. MOORER
Assistant United States Attorney
Post Office Box 197
Montgomery, Alabama 36101-0197
(334) 223-7280
(334) 223-7135 fax
terry.moorer@usdoj.gov

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| Respondent, ) | |
| ) | |
| vs. ) | CASE NO. 05cv1004-T |
| ) | (NO. 02cr09-T) |
| JOANNA NICOLE HOOKS, ) | |
| ) | |
| Defendant/Movant. ) | |

### CERTIFICATE OF SERVICE

I hereby certify that on December 2, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participant: Joanna Nicole Hooks, #11380-002, Cherokee A, FPC, P.O. Box 7006, Marianna, FL 32447-7006

Respectfully submitted,

LEURA GARRETT CANARY
UNITED STATES ATTORNEY

/s/ Terry F. Moorer
TERRY F. MOORER
Assistant United States Attorney
Post Office Box 197
Montgomery, Alabama 36101-0197
(334) 223-7280
(334) 223-7135 fax
terry.moorer@usdoj.gov