FILED

MAY -5 2004

CLERK
U. S. DISTRICT COURT
MIDDLE DIST. OF ALA.

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR. NO. 2:04CR9 - T |
| | ) | [21 USC § 846; |
| DAVID DEJUAN WISE, a/k/a JULIO, | ) | 21 USC § 841(a)(1); |
| JOANNA NICOLE HOOKS, | ) | 18 USC § 2; |
| ROBERT JAMES ZEIGLER, JR., and | ) | 21 USC § 844(a)] |
| LESLIE OCTAVIUS REESE | ) | |
| | ) | SUPERSEDING INDICTMENT |

The Grand Jury charges:

### COUNT 1

That beginning in or about the beginning of April 2003, the exact date being unknown to the Grand Jury, and continuing until on or about April 29, 2003, in Montgomery, Alabama, in the Middle District of Alabama, and elsewhere,

DAVID DEJUAN WISE, a/k/a JULIO, and
JOANNA NICOLE HOOKS,

defendants herein, knowingly and intentionally combined, conspired, confederated and agreed together and with each other, and with another individual named Tonney Lamar Hooks, to distribute and possess with intent to distribute 500 grams or more of cocaine hydrochloride, a Schedule II Controlled Substance, in violation of Title 21, United States Code, Section 841(a)(1), all in violation of Title 21, United States Code, Section 846.

### COUNT 2

On or about April 29, 2003, in Montgomery, Alabama, within the Middle District of Alabama, and elsewhere,

DAVID DEJUAN WISE, a/k/a JULIO,

defendant herein, while aiding, abetting and inducing another individual named Tonney Lamar Hooks, did knowingly and intentionally possess with the intent to distribute 500 grams or more of cocaine hydrochloride, a Schedule II Controlled Substance, in violation of Title 18, United States Code, Section 2, and Title 21, United States Code, Section 841(a)(1).

### COUNT 3

On or about April 29, 2003, in Montgomery, Alabama, within the Middle District of Alabama,

DAVID DEJUAN WISE, a/k/a JULIO, and

JOANNA NICOLE HOOKS,

defendant herein, while aiding and abetting one another, did knowingly and intentionally possess a mixture and substance containing in excess of 5 grams of cocaine base, a Schedule II Controlled Substance, in violation of Title 21, United States Code, Section 844(a).

### COUNT 4

On or about November 26, 2002, in Prattville, Alabama, in the Middle District of Alabama,

DAVID DEJUAN WISE, a/k/a JULIO,

ROBERT JAMES ZEIGLER, JR., and

LESLIE OCTAVIUS REESE

defendants herein, knowingly and intentionally combined, conspired, confederated and agreed together and with each other to distribute 5 grams or more of cocaine base, a Schedule II Controlled Substance, in violation of Title 21, United States Code, Section 841(a)(1), all in violation of Title 21, United States Code, Section 846.

### COUNT 5

On or about November 26, 2002, in Prattville, Alabama, within the Middle District of

Alabama,

DAVID DEJUAN WISE, a/k/a JULIO,

ROBERT JAMES ZEIGLER, JR., and

LESLIE OCTAVIUS REESE

defendants herein, while aiding and abetting one another, did knowingly and intentionally distribute 5 grams or more of cocaine base, a Schedule II Controlled Substance, in violation of Title 18, United States Code, Section 2, and Title 21, United States Code, Section 841(a)(1).

### FORFEITURE ALLEGATION

A.  Counts 1 through 3 of this indictment are hereby repeated and incorporated herein by reference.

B.  Upon conviction for violation of any of the charges contained in Counts 1 through 3 of this indictment, the defendants shall forfeit to the United States pursuant to Title 21, United States Code, Section 853, any and all property constituting or derived from any proceeds the said defendants obtained directly or indirectly as a result of the said violation and any and all property used or intended to be used in any manner or part to commit and to facilitate the commission of the violation alleged in Counts 1 through 3 of this Indictment, including but not limited to the following:

One (1) 2000 Dodge Neon, bearing Alabama license number 3A1461C,
and bearing Vehicle Identification Number 1B3ES46C5YD548607.

C.  If any of the forfeitable property described in this forfeiture allegation, as a result of any act or omission of said defendants:

(1) cannot be located upon the exercise of due diligence;

(2) has been transferred or sold to, or deposited with, a third person;

(3) has been placed beyond the jurisdiction of the Court;

(4) has been substantially diminished in value; or

3

(5) has been commingled with other property which cannot be subdivided without difficulty; the United States, pursuant to Title 21, United States Code, Section 853, intends to seek an order of this Court forfeiting any other property of said defendants up to the value of the forfeitable property, all in violation of Title 21, United States Code, Sections 841, 846, and 853.

A TRUE BILL:

Kathy S. Lazenby
Foreperson

*Leura T. Canary*
LEURA GARRETT CANARY
United States Attorney

*John T. Harmon*
JOHN T. HARMON
Assistant United States Attorney

*Matthew S. Miner*
MATTHEW S. MINER
Assistant United States Attorney

4