RECEIVED

2005 OCT 14  P 12: 43

DEBRA P. HACKETT
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
September 14, 2005
THOMAS K. KAHN
CLERK

No. 05-10929
Non-Argument Calendar

D. C. Docket No. 04-00009-CR-T-N

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOANNA NICOLE HOOKS,

Defendant-Appellant.

Appeal from the United States District Court
for the Middle District of Alabama

(September 14, 2005)

Before TJOFLAT, BLACK and PRYOR, Circuit Judges.

PER CURIAM:

A Middle District of Alabama jury convicted appellant of possession of a

mixture and substance containing in excess of 5 grams of cocaine base ("crack"), in violation of 21 U.S.C. § 844(a), and the district court sentenced her to a prison term of 97 months. She now appeals her conviction and sentence.

Appellant challenges her conviction on the ground that the district court abused its discretion in admitting evidence regarding the police investigation of co-defendants Tonney Hooks and David Wise and Hooks's possession of cocaine powder. She contends that this evidence was not essential to the Government's case, was not a necessary part of the chain of events explaining the context of the charged offense, and should have been excluded under Fed. R. Evid. 404(b) because it had limited probative value and was unduly prejudicial.

Appellant challenges her sentence on the ground that the district court, in fashioning her sentence, infringed the Sixth Amendment by using statements she gave the court's probation officer in the absence of her attorney to enhance the base offense level of her offense under U.S.S.G. § 3C1.1, for obstruction of justice.

I.

Fed. R. Evid. 40f(b) provides that "[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith." Evidence is intrinsic, and admissible if it relates to "(1) an uncharged offense which arose out of the same transaction or series of transactions

2

as the charged offense, (2) [is] necessary to complete the story of the crime, or (3) [is] inextricably intertwined with the evidence regarding the charged offense." United States v. McLean, 138 F.3d 1398, 1403 (11th Cir.1998). A district court may exclude relevant evidence only when "its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403.

The district court did not abuse its discretion in admitting background evidence regarding the police investigation of Wise and Hooks. On April 29, 2003, Montgomery, Alabama Police Department narcotics officers were investigating the possibility that two men wearing athletic jerseys were bringing drugs to Montgomery from Houston, Texas by bus. At the bus station, they spotted a man, later identified as David Wise, who fit the description of one of the drug couriers, and followed him until he met a female, who turned out to be appellant. The officers then tailed the two to a car parked in front of the bus station. Wise and appellant got into the car, and the officers approached them. One of the officers noticed Wise tapping on appellant with something in his hand, a clear plastic bag containing an off-white substance that appeared to be crack cocaine. Appellant took the bag from Wise, and attempted to hid it. Before she

3

could hid it, the officer grabbed appellant's hand and the bag. The bag contained in excess of 22 grams of crack.

The police arrested Wise and appellant. At this point, the other suspected drug courier, Tonney Hooks, came to the car with one of the narcotics officers. Hooks had two bags. One of them contained two socks, both filled with cocaine.

The testimony that the police were looking for two drug couriers on a bus from Houston and that Hooks was carrying cocaine was admissible intrinsic evidence; it was necessary to complete the story of appellant's crime and was inextricably intertwined with other evidence regarding the charged offense. The testimony explained why the narcotics officers were present at the bus station, and why they followed Wise and appellant to the parked car.

Furthermore, the district court did not abuse its discretion in refusing to exclude this evidence as prejudicial under Rule 403. The words "unfair prejudice" in Rule 403 have been defined as "an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." Steger v. General Elec. Co., 318 F.3d 1066, 1079 (11th Cir. 2003). The court informed the jury that the testimony concerning Wise and Hooks's arrival at the bus station and Wise's rendevous with appellant should be considered merely as background evidence necessary to complete the story of appellant's arrest. The officers paid no

4

attention to appellant until she met Wise at the bus station. It would have been virtually impossible for the Government to portray appellant's arrest without the officers' explanation of why they were at the station and why they followed Wise once he got off the bus. In sum, we cannot fault as an abuse of discretion the court's handling of this extrinsic evidence. We therefore reject appellant's challenge to her conviction.

II.

The court enhanced appellant's base offense level under U.S.S.G. § 3C1.1. That section provides for a two-level enhancement if:

> (A) the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice during the course of the investigation, prosecution, or sentencing of the instant offense of conviction, and (B) the obstructive conduct related to (i) the defendant's offense of conviction and any relevant conduct; or (ii) a closely related offense.

A defendant's denial of guilt is not a basis for applying the enhancement. Id., comment. (n.1). Examples of conduct where § 3C1.1 applies include committing perjury, "providing materially false information to a judge," "providing a materially false statement to a law enforcement officer that significantly obstructed or impeded the official investigation or prosecution of the instant offense," and "providing materially false information to a probation officer in respect to a presentence or other investigation for the court." Id., comment. (n.4 (b), (f)-(h)).

5

account of how she came into possession of the drugs was a key element in determining whether she knowingly possessed the drugs, her testimony was material.

As for the argument that the court erred in applying the obstruction of justice enhancement because counsel was not present at a presentence interview, appellant has not cited any binding authority holding that a defendant's Sixth Amendment right to counsel applies to presentence interviews by the court's probation office. See United States v. Simpson, 904 F.2d 607, 611 (11th Cir. 1990) (declining to address the argument because the issue was waived but noting that three circuits have rejected it). We need not address this issue, however, because the court's application of the enhancement was based on its assessment of appellant's testimony at trial, not the statements she gave the probation officer. In rejecting her Sixth Amendment objection, the court stated:

> Anyway, even excluding the testimony that was given to the probation officer, it's clear she lied on the stand. I mean, you'd have to be gullible to buy that. In fact, I think she probably hurt herself more when she testified to that effect than she helped herself, as I'm sure the jury heard that. And it was so incredulous, that I'm sure it was almost as if she was saying yes, it's mine, I'm guilty. It was so preposterous.

We find no merit in appellant's Sixth Amendment argument and therefore

7

no basis for setting aside her sentence.[1]

**AFFIRMED.**

A True Copy - Attested
Clerk U.S. Court of Appeals,
Eleventh Circuit

By: _____
Deputy Clerk
Atlanta, Georgia

---

[1] In her brief, in setting out the issues, appellant says that because the court inappropriately enhanced her base offense level for obstruction of justice, her sentence was unreasonable. In the argument section of her brief, however, she did not argue that with or without the enhancement, the sentence—which was at the bottom of the guideline sentence range of 97 to 121 months—was unreasonable.

8