IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

UNITED STATES OF AMERICA,
   Respondent

vs

JOANNA NICOLE HOOKS,
   Defendant

CASE NO. 05cv1004-T
(NO. 02cr09-T)

## DEFENDANT'S RESPONSE TO GOVERNMENT'S RESPONSE TO 28 U.S.C. § 2255

COMES NOW, JoAnna Nicole Hooks, the defendant and pro-se litigant, responding to the government's objections to the initial § 2255 filed by defendant.

Defendant Hooks is proceeding without the benefit of Counsel and therefore respectfully requests, pursuant to Haines vs Kerner, that this Honorable Court will construe this action liberally.

### CLAIMS RAISED ON § 2255 AND IN DISPUTE

Defendant avers her claims are not procedurally barred and she can show cause and prejudice from Counsel's failure to raise the issues on Direct Appeal. McCoy vs U.S., 266 F.3d 1245, 1258 (11th Circuit 2001), clearly leaves the door open for a collateral challenge to sentencing issues not raised on Direct Appeal when cause and prejudice can be shown. Such is the case herein.

Defendant was represented by Counsel in Direct Appeal who failed to properly raise the Role Adjustment; failed to challenge the 2 point enhancement for Obstruction of Justice; and failed to challenge the drug calculation level 26 versus 28 through Direct Appeal.

SCANNED

The purpose of an appeal is for a higher court to review the decision of the Lower Court. If we accept the Government's and Appellant Counsel's reasoning that the Role Adjustment was not worthy of Direct Review, simply because a Lower Court failed to make the adjustment, then no defendant would ever go to the Appeal Court for a higher and fresh review of all relevant factors related to sentencing. Based upon the this logic, our judicial system would have no need for Direct Review or for that matter a Supreme Court. Each defendant would simply accept the sentencing factors, restraints of their liberty, and consider their sentence unchallengable and final at the date of sentencing.

Furthermore, the government argues that the Lower Court's denial of a Role Adjustment was based soley on Defendant Hooks' honesty in relating the version of the facts and events leading to her arrest. Defendant Hooks was punished by the Lower Court over the question of her honesty regarding the facts of events when it enhanced her sentence by 2 levels for Obstruction of Justice. The Court's question of her honesty was addressed by the 2 point enhancement and it should end there. The Role Adjustment is based solely upon a defendant's culpability and role in an offense. It has nothing to do with impeding or obstructing justice. U.S.S.G. <u>1B1.3</u>. Each of these "advisory" guideline adjustments are based on entirely different parameters and facts. They must be separated, and once that is done, the defendant's role should be given the weight based soley upon the facts of her culpability in the instant offense. Once this is done, a 2 level decrease in her offense level would be warranted.

The 11th Circuit has recently determined in <u>Gomez-Diaz vs U.S.</u>, 2005 WK 3465538, that the District Court wrongly concluded an appeal is futile when issues assumed to be resolved at sentencing are raised, and it

is not necessary or required for the defendant to specify specific grounds to be argued on appeals. The Court grounded its decision in Supreme Court precedent found in <u>Flores-Ortega</u>, 528 U.S. @ 468, 120 S.Ct. @ 1040. The Court further concluded the Counsel's failure to raise meritorious issues or file an appeal falls below the objective standard of legal representation as accorded in <u>Strickland vs Washington</u>, 466 U.S. 668 (1984). Defendant's 6th Amendment Rights have been violated based upon Counsel's failure to argue for a role reduction on Direct Appeal by assuming the issue was futile simply because the Lower Court did not make the adjustment.

The role adjustment is further supported by Law Enforcement's testimony at trial. Law Enforcement testified Hooks' part in the offense was never considered as major, but merely as a minor participant who ended up at the bus station as a favor to the primary targets of the ongoing investigation. The primary targets of the drug transaction irrefutably exonerate Hooks from involvement in an ongoing drug conspiracy and support her one-time involvement in this matter. <u>U.S. vs Reese</u>, 67 F.3d 902, <u>U.S. vs DeVaron</u>, 136 F.3d 740 (11th Circuit).

The government argues the issues raised on the § 2255 are barred unless cause and prejudice can be established for Counsel's failure to present the issues on Direct Appeal. These two factors are easily surmounted. Cause is established by looking to Counsel's Affidavit obtained by the government when the § 2255 was filed. Counsel clearly states that it was believed the issue would be futile to raise since District Court refused the adjustment for role at sentencing. Again, the District Court, is not the end of an imposed sentence. That is why defendants exercise their statuatory right to raise Convoluted Matters in a higher court of review.

3

Prejudice is obvious. Had the issue been raised on Direct Appeal, the Defendant's sentence would have been reduced by 2 levels thus decreasing her sentencing exposure from 78-97 Months to 63-78 Months. A day of restraint of one's liberty is a day too long when the restraint is based upon a fundamental miscarriage of justice and denial of one's constitutional right to effective representation at all phases of the judicial process. Counsel's failure and ineffective representation through errors and ommissions have effected the reasonable probability that the outcome and finality of the imposed sentence would have been different. Yordan vs Dugger, 909 F.2d @ 477.

Exhibit "A" attached and made a part of this motion is the September 20, 2005, letter from defendant's former Counsel, John M. Poti. Contents of Exhibit "A" clearly show Counsel's ineffective assistance and representation as well as many errors he has made in defendant's case.

EVIDENTARY HEARING

Defendant has plead facts, cause, prejudice and sufficient legal argument to be entitled to an Evidentary Hearing in this matter. Defendant asks that the relief sought not be denied or ruled upon without a hearing.

CONCLUSION

Defendant Hooks asks this Honorable Court to grant the relief sought and to turn back to all the Supreme Court case law set out in Blakely vs Washington, 542, U.S., Booker vs U.S., 04-104 (Jan. 2005) and give deferrence to the Supreme Court's decisions regarding their clear conclusion that the jury should be the deciding entity as to a defendant's guilt or innocnence in all sentencing factors. This 11 day of January, 2006.

Respectfully submitted,

JoAnna Nicole Hooks, Pro-se
Federal Reg. #11380-002
FPC Marianna--Cherokee A
P. O. Box 7006
Marianna, FL 32447-7006

4

CERTIFICATE OF SERVICE

I, Joanna Nicole Hooks, hereby certify that a true and correct copy of the foregoing response has been served on the Assistant U.S. Attorney, Terry F. Moorer by mailing a copy to him at P. O. Box 197, Montgomery, AL 36101-0197 with sufficient postage for delivery.

This __11__ day of January, 2006.

Respectfully submitted,

*JoAnna Nicole Hooks*
JoAnna Nicole Hooks, Pro-se
Federal Reg. #11380-002
FPC Marianna--Cherokee A
P. O. Box 7006
Marianna, FL 32447-7006