IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v | ) | Civil Action No. 2:05cv1004-MHT |
| | ) | [WO] |
| JOANNA NICOLE HOOKS | ) | |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

This matter is before the court on a motion by federal inmate Joanna Nicole Hooks ("Hooks") to vacate, set aside, or correct her sentence pursuant to 28 U.S.C. § 2255.

## I. BACKGROUND

On August 10, 2004, a jury found Hooks guilty of possession of a mixture and substance containing in excess of 5 grams of cocaine base, in violation of 21 U.S.C. § 844(a) (Count 3 of a multi-count indictment naming Hooks and several codefendants). On January 31, 2005, the trial court sentenced Hooks to 97 months in prison.

Hooks appealed, raising the following issues:

1.  Whether the trial court abused its discretion in admitting evidence regarding the police investigation of her codefendants' possession of cocaine powder?

2.  Whether the court, in fashioning her sentence, infringed the Sixth Amendment by using statements she gave the court's probation officer in the absence of her attorney to enhance the

base offense level of her offense under U.S.S.G. § 3C1.1, for obstruction of justice?

*United States v. Hooks*, [No. 05-10929] 147 Fed.Appx. 956 (11th Cir. Sep. 14, 2005) (unpublished).

On September 14, 2005, the Eleventh Circuit Court of Appeals affirmed Hooks's conviction and sentence. *Id*. Hooks did not file a petition for writ of certiorari with the United States Supreme Court.

On October 17, 2005, Hooks filed this § 2255 motion (Doc. No. 1), asserting the following claims:

1.  The trial court improperly enhanced her sentence based on its finding that she obstructed justice.

2.  The trial court improperly calculated the drug quantity attributable to her.

3.  She was entitled to a two-point reduction in her offense level based on her minor role in the offense.

4.  She received ineffective assistance of counsel for the following reasons:

    a.  Counsel failed to challenge the enhancement for obstruction of justice.

    b.  Counsel failed to challenge the trial court's drug quantity determination.

    c.  Counsel failed to argue for a minor-role reduction in her offense level.

    d.  Counsel was generally ineffective throughout the

proceedings.

The government answered Hooks's § 2255 motion, asserting that she is entitled to no relief because her claims are either procedurally barred or without merit. (Doc. No. 5.) Hooks was afforded an opportunity to respond to the government's submission and has done so. (Doc. No. 8.) After due consideration of the § 2255 motion, the submissions supporting and opposing the motion, and the record in this case, the court concludes that an evidentiary hearing is not required and that, pursuant to Rule 8(a), *Rules Governing Section 2255 Proceedings in the United States District Courts*, the motion should be denied.

## II.  DISCUSSION

### A.  Substantive Claims

**1.    Sentence Enhancement for Obstruction of Justice**

Hooks contends that the trial court improperly applied a two-point enhancement to her sentence under U.S.S.G. § 3C1.1 based on its finding that she obstructed justice. (Doc. No. 1 at 5-6.)

U.S.S.G. § 3C1.1 provides for a two-level enhancement if:

(A) the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice during the course of the investigation, prosecution, or sentencing of the instant offense of conviction, and (B) the obstructive conduct related to (i) the defendant's offense of conviction and any relevant conduct; or (ii) a closely related offense.

On direct appeal, Hooks argued that the § 3C1.1 enhancement should not have been

3

applied to her and, specifically, that the trial court violated her Sixth Amendment right to counsel by considering statements that she had made to her probation officer at a presentence interview in determining that she had obstructed justice. *See United States v. Hooks*, [No. 05-10929] 147 Fed.Appx. 956 (11th Cir. Sep. 14, 2005) (unpublished). The Eleventh Circuit Court of Appeals discussed this claim, in pertinent part, as follows:

> Examples of conduct where § 3C1.1 applies include committing perjury, "providing materially false information to a judge," "providing a materially false statement to a law enforcement officer that significantly obstructed or impeded the official investigation or prosecution of the instant offense," and "providing materially false information to a probation officer in respect to a presentence or other investigation for the court. *Id.*, comment. (n.4 (b), (f)-(h)). "Material" evidence, fact, statement, or information under this section means "evidence, fact, statement, or information that, if believed, would tend to influence or affect the issue under determination." *Id.*, comment. (n.6).
>
> Perjury has been defined as "false testimony concerning a material matter with the willful intent to provide false testimony, rather than as a result of confusion, mistake, or faulty memory." *United States v. Dunnigan*, 507 U.S. 87, 94, 113 S.Ct. 1111, 1116, 122 L.Ed.2d 445 (1993). "Although it is preferable that the district court make specific findings by identifying the materially false statements individually, it is sufficient if the court makes a general finding of obstruction encompassing all the factual predicates of perjury." *United States v. Diaz*, 190 F.3d 1247, 1256 (11th Cir. 1999). Where the record clearly reflects the basis for the enhancement and supports it, remand for resentencing is unnecessary. *See United States v. Taylor*, 88 F.3d 938, 944 (11th Cir. 1996).
>
> In this case, the court did not make explicit findings regarding the elements of perjury. Nonetheless, our review of the record convinces us that the court did not clearly err in finding that appellant committed perjury. The court's description of her trial testimony as "preposterous," "outrageous," and "incredible," in addition to the court's statement that "it's clear she lied on the stand," obviously demonstrates that the court found that appellant gave false

4

testimony. Because her account of how she came into possession of the drugs was a key element in determining whether she knowingly possessed the drugs, her testimony was material.

As for the argument that the court erred in applying the obstruction of justice enhancement because counsel was not present at a presentence interview, appellant has not cited any binding authority holding that a defendant's Sixth Amendment right to counsel applies to presentence interviews by the court's probation office. *See United States v. Simpson*, 904 F.2d 607, 611 (11th Cir. 1990) (declining to address the argument because the issue was waived but nothing that three circuits have rejected it). We need not address the issue, however, because the court's application of the enhancement was based on its assessment of appellant's testimony at trial, not the statements she gave the probation officer. In rejecting her Sixth Amendment objection, the court stated:

> Anyway, even excluding the testimony that was given to the probation officer, it's clear she lied on the stand. I mean, you'd have to be gullible to buy that. In fact, I think she probably hurt herself more when she testified to that effect than she helped herself, as I'm sure the jury heard that. And it was so incredulous, that I'm sure it was almost as if she was saying yes, it's mine, I'm guilty. It was so preposterous.

[*See* Sentencing Hearing Transcript (SH Tr.) at 15.]

We find no merit in the appellant's Sixth Amendment argument and therefore no basis for setting aside her sentence.

*United States v. Hooks*, [No. 05-10929] 147 Fed.Appx. 956, 958-59 (11th Cir. Sep. 14, 2005) (unpublished).

To the extent that Hooks now reasserts the same claim that she presented in her direct appeal, her claim is procedurally barred. "The district court is not required to reconsider claims of error that were raised and disposed of on direct appeal." *United States v. Nyhuis*,

211 F.3d 1340, 1343 (11th Cir. 2000); *see also United States v. Rowan*, 663 F.2d 1034, 1035 (11th Cir. 1981). If a claim has previously been raised on direct appeal and decided adversely to a defendant, it cannot be re-litigated in a collateral attack under § 2255. *See Nyhuis*, 211 F.3d at 1343. Furthermore, "[a] rejected claim does not merit rehearing on a different, but previously available, legal theory." *Id*. Because this substantive claim was raised and resolved in Hooks's direct appeal, this court will not reconsider the claim here.

Hooks also asserts that the § 3C1.1 enhancement was imposed against her in violation of *Apprendi v. New Jersey*, 530 U.S. 466 (2000), *Blakely v. Washington*, 542 U.S. 296 (2004), and *United States v. Booker*, 543 U.S. 220 (2005), because it was based on judicial factfinding and not on matters charged in the indictment and decided by a jury beyond a reasonable doubt. (Doc. No. 1 at 5-6.) However, Hooks's sentence of 97 months did not implicate *Apprendi* because it was well below 21 U.S.C. § 844(a)'s prescribed statutory maximum of 20 years for the offense of possession of a mixture and substance containing in excess of 5 grams of cocaine base.[1] *See Harris v. United States*, 536 U.S. 545, 558 (2002) (holding that *Apprendi* only applies if a fact increases the penalty for a crime beyond the prescribed statutory maximum); *United States v. Sanchez*, 269 F.3d 1250, 1268 (11th Cir. 2001) (same).

---

[1]In *Apprendi*, the Supreme Court held that, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 490.

Nor has Hooks demonstrated any *Blakely*/*Booker* error in the trial court's application of the § 3C1.1 enhancement.[2] In *United States v. Rodriguez*, 398 F.3d 1291 (11th Cir. 2005), the Eleventh Circuit clarified that *Booker* error "is not that there were extra-verdict enhancements – enhancement based on facts found by the judge that were not admitted by the defendant or established by the jury verdict – that led to an increase in the defendant's sentence. The error is that there were extra-verdict enhancements used in a *mandatory* guidelines system." 398 F.3d at 1300 (emphasis added). The court further explained that "the use of extra-verdict enhancements in an advisory guidelines system is not unconstitutional." *Id*. at 1301; *see also United States v. Chau*, 426 F.3d 1318, 1323-24 (11th Cir. 2005) (holding that "[n]othing in *Booker* is to the contrary" of a district court decision to base sentence enhancements, under an advisory guidelines scheme, on facts found by a preponderance of the evidence that were not charged in the indictment). At Hooks's sentencing, the trial court expressly found that Hooks had clearly obstructed justice.

---

[2]In *Blakely*, the Supreme Court revisited its Sixth Amendment jurisprudence in *Apprendi* in the context of Washington state's sentencing guideline scheme, and clarified that the relevant "statutory maximum for *Apprendi* [and Sixth Amendment] purposes is the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant." *Blakely*, 542 U.S. at 303 (emphasis and internal quotation marks omitted). Subsequently, in *Booker*, the Supreme Court applied *Blakely* to the Federal Sentencing Guidelines and held that the Federal Guidelines violate the Sixth Amendment right to a trial by jury to the extent that they permit a judge, under a mandatory guidelines system, to increase a defendant's sentence based on facts that are neither found by the jury nor admitted by the defendant. *Booker*, 543 U.S. at 244. To remedy this violation, the Court excised two specific provisions of the Sentencing Reform Act of 1984, thereby rendering the Federal Guidelines "effectively advisory." *Id*. at 245-46. As a result, a sentencing court must still "consider Guidelines ranges," but it may "tailor the sentence in light of other statutory concerns as well." *Id*.

(SH Tr. at 15.)  The court then explicitly recognized that the guidelines were advisory and considered other sentencing factors, as mandated by 18 U.S.C. § 3553(a).  (SH Tr. at 25-26; *see also* SH Tr. at 6.)  Thus, the court did not violate *Booker* by enhancing Hooks's sentence based on judicial factfinding.

Hooks also asserts that the court's application of the sentence enhancement based on "facts not included in the indictment and not determined by a jury is a violation of the Double Jeopardy Clause, multiple punishments for the same crime, same evidence standard." (Doc. No. 1 at 6.)  However, Hooks presents no argument – and cites no authority – in support of this cursory assertion.  The Double Jeopardy Clause protects against a second prosecution after acquittal or conviction, and against multiple punishments, for the same offense.  *See Monge v. California*, 524 U.S. 721, 727-28 (1998); *United States v. Nyhuis*, 8 F.3d 731, 734 (11th Cir. 1993).  Sentence enhancements are not normally construed as either new jeopardy or multiple punishments; rather, they act to increase a sentence based on the manner in which the defendant committed the crime of conviction.  *Monge*, 524 U.S. at 728.  In short, the trial court's imposition of the § 3C1.1 sentence enhancement in Hooks's case did not implicate, or violate, the Double Jeopardy Clause.[3]

_____

[3]Assuming that Hooks's specific allegations that the obstruction-of-justice enhancement violated *Apprendi*, *Blakely*, and *Booker* as well as the Double Jeopardy Clause were not subsumed in her claim on direct appeal that the trial court erred in enhancing her sentence for obstruction of justice, her allegations are raised for the first time in her § 2255 motion.  However, the court has assessed the merits of such allegations because Hooks also alleges that her counsel was ineffective for failing to challenge the sentence enhancement based on *Apprendi*, *Blakely*, and *Booker* and the

(continued...)

### 2.    Substantive Claims Not Raised on Direct Appeal

Hooks also asserts the following two substantive claims, neither of which was raised

in her direct appeal:

1.    The trial court improperly calculated the drug quantity
      attributable to her.

2.    She was entitled to a two-point reduction in her offense level
      based on her minor role in the offense.

(Doc. No. 1 at 3-4 & 6-8.)

Ordinarily, if an available claim is not advanced on direct appeal, it is deemed

procedurally barred in a § 2255 proceeding.  *See Mills v. United States*, 36 F.3d 1052,

1055-56 (11th Cir. 1994); *Greene v. United States*, 880 F.2d 1299, 1305 (11th Cir. 1989).

A petitioner can avoid this procedural bar only by showing both cause for the failure to raise

the claim on direct appeal and actual prejudice arising from that failure.  *See United States*

*v. Frady*, 456 U.S. 152, 167-68 (1982); *Mills*, 36 F.3d at 1055.

Hooks contends that ineffective assistance of counsel is the cause for her failure to

raise these claims on direct appeal.[4]  (Doc. No. 8 at 1-5.)  Moreover, she also asserts

independent allegations of ineffective assistance of counsel based on the same substantive

---

[3](...continued)
Double Jeopardy Clause.  As indicated later in this Recommendation, because Hooks's underlying
substantive claims in this regard lack merit, her counsel was not ineffective for failing to raise them.
(*See* Part II.C.1 of Recommendation, following.)

[4]Ineffective assistance of counsel may satisfy the cause exception to a procedural bar, *see*
*Greene*, 880 F.2d at 1305, but only if the claim of ineffective assistance is meritorious.  *Id*.

claims. (Doc. No. 1 at 8-11.) Thus, all of Hooks's claims in this regard are reviewed below in this court's discussion of her allegations of ineffective assistance of counsel.

## C.  Ineffective Assistance of Counsel

The Sixth Amendment right to counsel exists to protect the fundamental right to a fair trial. To succeed on a claim of ineffective assistance of counsel, a movant must satisfy both prongs of the test set  by the Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984). The *performance* prong requires a movant to establish that counsel performed outside the wide range of reasonable professional assistance and made errors so serious that he failed to function as the kind of counsel guaranteed by the Sixth Amendment. *Id*. at 687-89. The *prejudice* prong requires a movant to demonstrate that seriously deficient performance of his counsel prejudiced the defense. *Id*. at 687.

Under the performance component of the *Strickland* inquiry, a movant must establish that his attorney's performance "fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688. "The proper measure of attorney performance remains simply reasonableness under prevailing professional norms." *Id*.  In other words, criminal defendants have a Sixth Amendment right to "reasonably effective" legal assistance. *Roe v. Flores-Ortega*, 528 U.S. 470, 476 (2000) (quoting *Strickland*, 466 U.S. at 687).

Under the prejudice component of *Strickland*, a movant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the

10

proceeding would have been different" *Strickland*, 466 U.S. at 694. A "reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. The prejudice component of *Strickland* focuses on whether counsel's deficient performance renders the result of the trial unreliable or the proceeding fundamentally unfair. *Id*. at 687. "Unreliability or unfairness does not result if the ineffectiveness of counsel does not deprive the defendant of any substantive or procedural right to which the law entitles him." *Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993).

Unless a movant satisfies the showings required on both prongs of the *Strickland* inquiry, relief should be denied. *Strickland*, 466 U.S. at 687. Accordingly, once a court decides that one of the requisite showings has not been made, it need not decide whether the other one has been. *Id*. at 697 (A court need not "address both components of the inquiry if the [movant] makes an insufficient showing on one."); *Duren v. Hopper*, 161 F.3d 655, 660 (11th Cir. 1998) ("if a defendant cannot satisfy the prejudice prong, the court need not address the performance prong").

A criminal defendant's right to effective assistance of counsel continues through direct appeal. *See Evitts v. Lucey*, 469 U.S. 387, 396 (1985). Ineffective assistance of appellate counsel may be shown if the movant can "establish ... that counsel omitted significant and obvious issues while pursuing issues that were clearly and significantly weaker.... Generally, only when ignored issues are clearly stronger than those presented, will the presumption of effective assistance of counsel be overcome." *Mayo v. Henderson*,

11

13 F.3d 528, 533 (2nd Cir. 1994).

### 1.    Counsel's Failure to Challenge Enhancement for Obstruction of Justice

Hooks contends that her counsel rendered ineffective assistance by failing to challenge the trial court's enhancement of her sentence based on its finding that she obstructed justice.  (Doc. No. 1 at 9; *see also* Doc. No 1 at 5-6.)

First, the record reflects that Hooks's counsel did in fact argue at sentencing and on direct appeal that this enhancement should not have been applied to Hooks because the trial court, in determining that Hooks obstructed justice, had considered statements that she made to her probation officer in the absence of her attorney.  (*See* SH Tr. at 8-10; *United States v. Hooks*, [No. 05-10929] 147 Fed.Appx. 956 (11th Cir. Sep. 14, 2005) (unpublished).) Thus, Hooks's allegation that her counsel failed to challenge the enhancement for obstruction of justice is contradicted by the record.

Moreover, to the extent that Hooks asserts that her counsel should have premised challenges to the obstruction-of-justice enhancement on the sentencing court's alleged violation of *Apprendi*, *Blakely*, and *Booker* as well as the Double Jeopardy Clause, her claim is, as discussed above (*see* Part II.A.1 of Recommendation), plainly without merit.  Counsel cannot be ineffective for failing to raise a meritless claim.  *See Chandler v. Moore*, 240 F.3d 907, 917 (11th Cir. 2001); *United States v. Winfield*, 960 F.2d 970, 974 (11th Cir. 1992). Consequently, this court concludes that Hooks has failed to demonstrate that her counsel's

failure to challenge the enhancement on the grounds asserted was objectively unreasonable and prejudiced her case. *Strickland*, 466 U.S. at 687-89 (1984). Therefore, Hooks is not entitled to any relief based on this claim.

### 2. Counsel's Failure to Challenge Drug Quantity Determination

Hooks claims that her counsel rendered ineffective assistance by failing to challenge the trial court's calculation of the drug quantity attributable to her. (Doc. No. 1 at 10; *see also* Doc. No. 1 at 3-4.) In this regard, she appears to argue that she could properly be held accountable only for the drug quantity alleged in the indictment and that such quantity was limited to 5 grams of cocaine base, which, she says, should have resulted in a base offense level of 26 rather than 28, as found by the trial court. (*Id*. at 4.) According to Hooks, the trial court violated the holdings of *Apprendi*, *Blakely*, and *Booker* when it calculated the drug quantity attributable to her based on its own factfinding, under a preponderance of the evidence standard, rather than sentencing her based only on matters charged in the indictment and decided by the jury beyond a reasonable doubt. (Doc. No. 1 at 4.)

First, Hooks's contention notwithstanding, the indictment charged her with possessing *in excess of* 5 grams of cocaine base. Evidence presented at trial indicated that Hooks was found with 22.1 grams of cocaine base in her possession at the time of her arrest. The trial court determined that Hooks was therefore accountable for 22.1 grams of cocaine

base, which established her base offense level as 28.[5]  *See* Drug Quantity Table U.S.S.G.§ 2D1.1(c)(6) (establishing base offense level of 28 for offenses involving "[a]t least 20 G but less than 35 G of Cocaine Base").

Next, as was the case with Hooks's challenge to the court's extra-verdict enhancement of her sentence for obstruction of justice, Hooks is simply wrong in her argument that the trial court's determination of the drug quantity attributable to her violated *Apprendi*, *Blakely*, and *Booker*.  As noted above, *Apprendi* was not implicated by Hooks's 97-month sentence, which was well below the prescribed statutory maximum of 20 years set forth in 21 U.S.C. § 844(a).  *Harris*, 536 U.S. at 558; *Sanchez*, 269 F.3d at 1268.  Morever, nothing in *Blakely* or *Booker* prohibits a sentencing court, acting under an advisory guidelines scheme, from making factual determinations (for instance, as to drug quantity) by a preponderance of the evidence that go beyond the letter of the charges contained in the indictment or the jury's verdict.  *See Chau*, 426 F.3d at 1323-24; *Rodriguez*, 398 F.3d at 1300.  As noted earlier, the court explicitly recognized at Hooks's sentencing hearing that the guidelines were advisory and considered other sentencing factors, as mandated by 18 U.S.C. § 3553(a).  (SH Tr. at 25-26; *see also* SH Tr. at 6.)  Thus, the court did not violate *Blakely* or *Booker* by making factual determinations as to the drug quantity attributable to Hooks.

---

[5]U.S.S.G. § 2D1.1 provides that the base offense level for a possession or a conspiracy drug offense is ordinarily calculated by determining the quantity of drugs attributable to a defendant.

Accordingly, becauase there is no merit to Hooks's underlying substantive claims, this court concludes that she has failed to demonstrate that her counsel's failure to challenge the trial court's determination of attributable drug quantity was objectively unreasonable and prejudiced her case.[6] *Strickland*, 466 U.S. at 687-89 (1984). Therefore, Hooks is not entitled to any relief based on this claim.

### 3.    Counsel's Failure to Argue for Minor-Role Adjustment

Hooks contends that her counsel rendered ineffective assistance by failing to argue that she was entitled to a two-point reduction in her offense level based on her minor role in the offense. (Doc. No. 1 at 10; *see also* Doc. No. 1 at 6-8.)

Under U.S.S.G. § 3B1.2(b), a defendant qualifies for a two-level reduction to his offense level if he was a minor participant in the offense. U.S.S.G. § 3B1.2(b). The guidelines further define a minor participant as one "who is less culpable than most other participants, but whose role could not be described as minimal." *Id.*, comment. (n.5). The record reflects that the trial court raised the minor-role adjustment issue on its own at Hooks's sentencing hearing and then entertained considerable discussion on the issue before ultimately concluding that Hooks was not entitled to a reduction in her offense level. (S.H.

---

[6]At Hooks's sentencing hearing, her counsel did, in fact, argue to the trial court that limiting the amount of cocaine base attributable to Hooks to 5 grams would be consistent with the holdings in *Apprendi*, *Blakely*, and *Booker*. (SH Tr. at 3-6.)

15

Tr. at 21-25.)

For a sentencing court to determine whether to grant a minor-role reduction, it considers two principles. *United States v. De Varon*, 175 F.3d 930, 940 (11th Cir. 1999). First, the court must measure the defendant's role against the relevant conduct for which she is being held accountable. *Id*. "Only if the defendant can establish that she played a relatively minor role in the conduct for which she has already been held accountable – not a minor role in any larger criminal conspiracy – should the district court grant" a minor-role reduction. *Id*. at 944. The second prong of the minor-role reduction analysis permits a district court, "where the record evidence is sufficient ...[, to] measure the defendant's conduct against that of other participants in the criminal scheme attributed to the defendant." *Id*. at 934.

Prior to Hooks's trial, the government dismissed a conspiracy count against her (Count 1 of the indictment) that related to her alleged participation with other defendants in drug dealing that involved large amounts of cocaine powder. Hooks was tried for and convicted of possessing a mixture and substance containing in excess of 5 grams of cocaine base (Count 3). *See* 21 U.S.C. § 844(a). Based upon evidence at her trial that established that Hooks actually possessed 22.1 grams of cocaine base at the time of her arrest, the trial court accepted the recommendation in the presentence investigation report ("PSI") that Hooks's base offense level be set at level 28. *See* PSI at 6 ¶ 24. Thus, Hooks's base offense level was based entirely on a quantity of drugs found in her actual possession. No other

16

drug quantities were factored into Hook's offense level, and the only adjustment to Hook's offense level was a two-point increase for obstruction of justice. Consequently, based on the close convergence between Hooks's conduct and the conduct for which she was held accountable, she has failed to meet the burden of the first prong in the minor-role reduction analysis. *See De Varon*, 175 F.3d at 940.

Accordingly, for the reasons indicated above, this court concludes that Hooks has failed to demonstrate that her counsel's failure to argue that she was entitled to a minor-role reduction in her offense level was objectively unreasonable and prejudiced her case. *See Strickland v. Washington*, 466 U.S. 668, 687-89 (1984). She is not entitled to any relief based on this claim.

### 4.    Counsel's General Ineffectiveness

Hooks contends that her counsel was generally ineffective throughout the proceedings. (Doc. No. 1 at 10-11.) In this regard, Hooks says that her counsel should have, but failed to, ensure that she "'knowingly' decided to go to trial, and 'knowingly and intelligently' decided to take a 2 point enhancement for obstruction of justice, and 'knowingly' allowed him to submit a frivolous direct appeal." (*Id*. at 10.)

Hooks's counsel addressed these cursory allegations of ineffective assistance in an affidavit filed with this court:

In her petition, Hooks states that "This case should have never gone to

17

trial." I advised her that the weight of the evidence was against her and that she should consider negotiating a plea agreement with the government. She authorized me to contact the government for that purpose and a proffer session was held at the US Attorney's office on February 26, 2004. As a result of that meeting and subsequent negotiations between myself and the government, Hooks entered a *Notice of Intent to Change Plea* on March 11, 2004. (DOC. # 44.) On April 16, 2004, I received a copy of the negotiated plea agreement from the US Attorney's office and reviewed it with Ms. Hooks. The terms of the agreement were that Hooks was to plead guilty to Count 3 of the Indictment (simple possession of cocaine base) and that all other Counts against her would be dropped. Further, the government would recommend a 3-level reduction pursuant to USSG § 3E1.1(a) for acceptance of responsibility, and, subject to the foregoing, would agree that the defendant's offense level would be level 25. There was no provision in the plea for a further reduction pursuant to USSG § 5K1.1 for substantial assistance because agents for the government felt that Hooks was being less than truthful even at the proffer session. I advised Hooks that I would file for a 2-level downward departure under USSG § 5C1.2, Limitation on Applicability of Statutory Minimum Sentence in Certain Cases, otherwise known as the "safety valve" and that it might be possible to get her down to offense level 23. Ms. Hooks rejected the plea at the last minute and instructed me to inform the Court that she did not want to change her plea to guilty. Upon her instructions, I filed a *Notice of Intent to Withdraw Change of Plea Request*, that same day. (DOC. # 56.) She reiterated her story that she found the drugs at the bus station, that she did not know it was cocaine base, and wanted to take her chances at trial and have the opportunity to tell her story. I told her then and before trial, if she testified at trial and was subsequently found guilty, her sentence could be lengthened because of perjury or obstruction of justice allegations. She said that she understood, but that if she did not testify, the jury would only hear what law enforcement had to say and that she needed to tell her side. As to the appeal brief and issues raised on direct appeal, I used my best professional judgment and did not raise frivolous issues.

(Doc. No. 4 at 3-4.)

Hooks's allegations of counsel's "general ineffectiveness" are presented in a conclusory fashion, with almost no supporting facts or arguments. Moreover, Hooks did

not, in any meaningful way, dispute her counsel's averments in the affidavit filed with this court. Weighing counsel's affidavit against the thin allegations contained in Hooks's motion, and considering the record and the applicable legal standards, the court concludes that Hooks has failed to show that her counsel's performance in this regard fell below an objective standard of reasonableness and prejudiced her case. *Strickland*, 466 U.S. at 687-89.

Under the same heading in her § 2255 motion, Hooks reasserts her allegation that counsel was ineffective for failing to argue that the sentence imposed against her violated *Apprendi*, *Blakely*, and *Booker*. (Doc. No. 1 at 10.) However, as indicated above, Hooks fails to establish the substantive merits of her claims based on *Apprendi*, *Blakely*, and *Booker* and consequently fails to demonstrate that her counsel was ineffective for failing to raise any claims of error based on this line of cases. Therefore, Hooks is not entitled to any relief based on this claim of ineffective assistance.

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the 28 U.S.C. § 2255 motion filed by Hooks be denied, as the claims therein entitle her to no relief.

It is further

ORDERED that the parties shall file any objections to this Recommendation **on or**

**before November 13, 2007.** A party must specifically identify the findings in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's proposed findings and recommendations shall bar a party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

Done this 31st day of October, 2007.


_____/s/Wallace Capel, Jr._____
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE

20